### FORTUNAT E. NORMANDIN, *Ex'r v.* F. GORDON KIMBALL, *State Treasurer.*

*Normandin & Normandin (Mr. Fortunat A. Normandin* orally), for the plaintiff.

*Ernest R. D'Amour*, Assistant Attorney-General, for the defendant.

MARBLE, J.   With certain exceptions not here material, section 1 of chapter 72 of the Public Laws provides that all property "which shall pass by will, or by the laws regulating intestate succession, or by deed, grant, bargain, sale or gift, made in contemplation of death, or made or intended to take effect in possession or enjoyment at or after the death of the grantor or donor, to any person, absolutely or in trust" shall be subject to a tax for the use of the State.

Section 38 of the same chapter provides that "The amount due upon the claim of any legatee named in the will, or of any person who is, or, in the absence of a will, would be an heir-at-law of a deceased person, arising under a contract for board, lodging, support, maintenance or personal care and attention, covering a period of more than six months, shall be subject to the same tax imposed by this chapter upon a legacy or succession of like amount, except to the extent that such claim is evidenced by a writing signed by the decedent containing an agreement for payment at some specified time or times within the decedent's lifetime."

The only reason assigned by the plaintiff as a ground of appeal from the decree of the Probate Court is because "the said sum [$8,385] is not taxable by virtue of . . . section 38." He argues that the purpose of this section is to render taxable a class of property not included in section 1, and that the qualifying provisions of section 38 apply to all contracts for support including those made in contemplation of death. The defendant, on the other hand, contends that contracts for support made in contemplation of death remain subject to the provisions of section 1, the purpose of section 38 being to prevent tax evasion.

It is unnecessary to resolve these differences of interpretation, however, for in our opinion the plaintiff cannot prevail even if section 38 be given the construction for which he contends. When the agreement was made, Mrs. Sleeper had placed her property in the hands of a conservator (P. L., c. 291, s. 16) and could not make a valid contract disposing of that property in her lifetime without his approval. See P. L., c. 291, s. 17; P. L., c. 289, s. 26.

No approval of the contract in question was obtained from the conservator originally appointed, and if his successor, who is now the executor, may be said to have recognized the agreement in any particular, it was not in respect to the provision that called for immediate payment of the consideration, for he paid Mrs. Ball during Mrs. Sleeper's lifetime only what her services were presumably worth. The plaintiff's contention "that Mrs. Ball could have enforced the terms of the written contract, in so far as the consideration is concerned, at any time she wished" overlooks the fact that, in view of the conservatorship, there was no valid written contract for payment of the consideration "within the decedent's lifetime" (P. L., c. 72, s. 38) to be enforced.

*Appeal dismissed.*

All concurred.